UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

STEPHANIE COOK,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

GREENWOOD HOSPITALITY MANAGEMENT, LLC
5445 DTC Parkway, P4
Greenwood Village, Colorado 80111

        Defendant

Case No. 22-cv-396

**COLLECTIVE ACTION COMPLAINT PURSUANT TO U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and an individual cause of action pursuant to Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), by Plaintiff, Stephanie Cook, on behalf of herself and all other similarly situated current and former employees of Defendant, Greenwood Hospitality Management, LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant is headquartered in Greenwood Village, Colorado, and is a privately-owned company that provides hospitality management services.

3. Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by misclassifying non-exempt employees in positions such as Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions as salaried-exempt when, in reality, said employees performed non-exempt job duties each work day and each workweek and were entitled overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

4. Defendant's failure to compensate its non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8. Plaintiff, Stephanie Cook, is an adult female resident of the State of Wisconsin residing at 1668 Badger Street, Green Bay, Wisconsin 54303.

9. Plaintiff's Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

10. Defendant, Greenwood Hospitality Management, LLC, is a Colorado-based company doing business in the State of Wisconsin with a principal office address of 5445 DTC Parkway, P4, Greenwood Village, Colorado 80111.

11. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

14. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

15. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

16. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge in the position of Executive Housekeeper at Defendant's "Hotel Northland" location, located at 304 North Adams Street, Green Bay, Wisconsin 54301.

17. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former employees who work at, worked at, and/or were employed by Defendant in the positions of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions, and Plaintiff and all other current and former employees performed compensable work at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at locations that were owned, operated, and/or managed by Defendant, and they were all similarly subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

18. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other employees.

19. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other employees.

20. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all employees.

21. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule and the work schedules of all other employees.

22. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other employees' rates of pay and/or means of compensation.

23. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other employees with work assignments and hours of work.

24. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other employees were, at times, tracked and recorded by Defendant.

25. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other employees abided in the workplace.

26. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other employees.

## GENERAL ALLEGATIONS

27. In approximately September 2019, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Inspector working at Defendant's "Hotel Northland" location in Green Bay, Wisconsin.

28. In approximately October 2019, Defendant promoted Plaintiff to the position of Executive Housekeeper working at Defendant's "Hotel Northland" location in Green Bay, Wisconsin.

29. During Plaintiff's employment with Defendant and in Plaintiff's position of Executive Housekeeper, Defendant compensated Plaintiff on a salaried basis and classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL. However, during the entirety of Plaintiff's employment with Defendant in the position of Executive Housekeeper, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

30. Plaintiff is still currently employed by Defendant in the position of Executive Housekeeper.

31. During the entirety of Plaintiff's employment with Defendant in the position of Executive Housekeeper, Plaintiff primarily performed manual labor and/or non-exempt job duties and responsibilities each work day and each workweek on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

32. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other employees employed by Defendant in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions were non-exempt employees for purposes of the FLSA and WWPCL.

33. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other employees employed by Defendant in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions primarily performed manual labor and/or non-exempt job duties and responsibilities each work day and each workweek on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit at locations that were owned, operated, and/or managed by Defendant.

34. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions spent the majority of their hours worked and work performed each work day and each workweek performing physical or manual labor, including but not limited to: physically inspecting, stripping, and cleaning hotel rooms; physically stocking and reorganizing storage closets; physically cleaning public and employee spaces, including bathrooms; physically obtaining and storing cleaning supplies; physically performing linen deliveries; and physically completing guest requests.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions worked well in excess of forty (40) hours per workweek.

36. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions worked well in excess of forty (40) hours per workweek.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions were non-union employees of Defendant.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions on a bi-weekly basis via check.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions did not primarily perform their job duties in an office setting.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other employees' primary job duty in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions was not the management of Defendant's enterprise, general business operation, or a department or division of Defendant.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions performed their job duties and responsibilities at the direction of Defendant: they were given specific instructions as to how to

perform their job duties and/or they performed their job duties within the prescribed procedures, processes, and/or limits established by Defendant.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions did not customarily and regularly exercise discretion or independent judgment in the performance of their job duties.

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions did not, in the performance of their job duties, customarily or regularly compare or evaluate possible courses of conduct, and they did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions did not, in the performance of their job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies, processes, and/or procedures without Defendant's prior approval.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt employees' job duties in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt employee's job duties in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions did not require them to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions did not customarily or regularly spend the majority of their hours worked each workweek making sales directly to Defendant's customers.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions were not highly compensated employee for FLSA and WWPCL purposes.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions were not commissioned employees

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

52. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

53. Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, and/or other similarly-titled positions in the same or similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

54. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All individuals employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) in the position(s) of Executive Housekeeper, Assistant Executive Housekeeper, or other similarly-titled positions who were compensated on a salaried basis and who have not been compensated at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

55. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

56. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, misclassified employees in the position of Executive Housekeeper, Assistant Executive Housekeeper, or other similarly-titled positions as

salaried-exempt when, in reality, they primarily performed non-exempt job duties each work day and each workweek (i.e., manual or physical labor) and were entitled overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

57. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

58. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

59. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

60. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

61. Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

62. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from

Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

63. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### (Plaintiff on behalf of herself and the FLSA Collective)

64. Plaintiff, on behalf of herself and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

65. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

66. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

67. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

68. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

69. Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice misclassified the FLSA Collective as salaried-exempt when, in reality, Plaintiff and the FLSA Collective performed non-exempt job duties each work day and each workweek and were entitled overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

70. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

71. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

72. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

73. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint,

plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

74. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages**
**(Plaintiff, individually)**

75. Plaintiff, individually, reasserts and incorporates all previous paragraphs as if they were set forth herein.

76. At all relevant times, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

77. At all relevant times, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

78. At all relevant times, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

79. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

80. During Plaintiff's employment with Defendant, Defendant misclassified Plaintiff as salaried-exempt when, in reality, Plaintiff performed non-exempt job duties each work day and each workweek and were entitled overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, and Defendant impermissibly, unlawfully, and willfully failed to compensate

Plaintiff for any and all hours worked and/or work performed each work day and each workweek hours in excess of forty (40) hours a workweek at an overtime rate of pay, in violation of the WWPCL.

81. As set forth above, Plaintiff has sustained losses in her compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

82. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiff and all other similarly-situated non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 30th day of March, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com